IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COLONIAL PARK CARE CENTER, LLC, d/b/a COLONIAL PARK CARE CENTER,** : <br> : <br> **Plaintiff** : <br> v. : <br> : <br> **THEODORE DALLAS**, in his official capacity as the Secretary of the Pennsylvania Department of Human Services, : <br> : <br> **Defendant** : | CIVIL ACTION NO. 1:16-CV-302 <br><br> (Chief Judge Conner) |

## **ORDER**

AND NOW, this 11th day of May, 2016, upon consideration of the brief (Doc. 12) submitted by plaintiff Colonial Park Care Center ("Colonial Park"), wherein Colonial Park opposes the amended motion (Doc. 9) to dismiss filed by defendant Theodore Dallas ("Dallas"), and responds to certain of the arguments made by Dallas in support of said motion, (see Doc. 11), but does not address the substance of Dallas's Rule 12(b)(6) challenge on the basis that Dallas has waived this defense "by failing to state [his arguments] with particularity" in his initial or amended motion (Docs. 7, 9) to dismiss as required by Rule 7(b)(1)(B), see (Doc. 12); FED. R. CIV. P. 7(b)(1)(B), and the court noting that the purpose of Rule 7(b)(1)(B) is to ensure that an opposing party has notice of the nature and grounds of a motion sufficient to provide a "meaningful opportunity to respond," Hinz v. Neuroscience, Inc., 538 F.3d 979, 983 (8th Cir. 2008); see also Fort James Corp. v. Solo Cup Co., 412 F.3d 1340, 1347 (Fed. Cir. 2005) (applying Seventh Circuit law); FED. R. CIV. P. 7

cmt., and that Rule 7.5 of the Local Rules of Court requires a party to submit a brief in support "[w]ithin fourteen (14) days after the filing of any motion," see LOCAL RULE OF COURT 7.5, and the court finding that Dallas's identification of Rule 12(b)(6) as a ground for dismissal in his amended motion (Doc. 9) to dismiss and elaboration of his 12(b)(6) arguments in his brief (Doc. 11) in support provide ample notice to Colonial Park, and the court therefore rejecting Colonial Park's contention that Dallas has waived his 12(b)(6) arguments under Rule 7(b)(1)(B),[1] it is hereby ORDERED that:

1. Colonial Park shall file a supplemental brief in opposition to Dallas's amended motion (Doc. 9) to dismiss, addressing Dallas's arguments for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on or before **Friday, May 20, 2016**.  (See Docs. 9, 11).

---

[1] Dallas's motion (Doc. 7) to dismiss and amended motion (Doc. 9) to dismiss fell outside of the prescribed time to serve a responsive pleading or Rule 12 motion. See FED. R. CIV. P. 12.  District courts have discretion to allow untimely responses in the absence of a motion for default judgment.  See Breland v. ATC Viacom, Inc., 212 F.R.D. 475, 477 (E.D. Pa. 2002) (collecting cases); cf. Metro. Cas. Ins. Co. v. Combs, No. 4:13-CV-1813, 2014 WL 988452, at *3 (E.D. Mo. Mar. 13, 2014); Lagana v. Kmart Corp., No. 97-5911, 1998 WL 372347, at *3 (E.D. Pa. June 19, 1998).  The court notes that Dallas failed to seek leave of court to file his amended motion (Doc. 9) to dismiss, wherein he newly asserts lack of subject matter jurisdiction under Rule 12(b)(1).  As the parties have briefed the merits of this non-waivable jurisdictional challenge, the court will consider the amended motion (Doc. 9) to dismiss in its entirety and deny Dallas's original motion (Doc. 7) to dismiss as moot.  See FED. R. CIV. P. 12(h)(3).

2. Failure to comply with paragraph 1 may result in Dallas's motion (Doc. 9) to dismiss under Rule 12(b)(6) being deemed unopposed.  See LOCAL RULE OF COURT 7.6; D'Angio v. Borough of Nescopeck, 34 F. Supp. 2d 256, 265 (M.D. Pa. 1999).

3. Dallas's initial motion (Doc. 7) to dismiss is DENIED as moot.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania